# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **STEVEN E. CORVIN**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00281 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ALMARODE, ET AL.**, | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Steven E. Corvin, Pro Se Plaintiff.*

The plaintiff, Steven E. Corvin, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was injured by a defective prison food cart. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Corvin is incarcerated at Red Onion State Prison ("ROSP"). At the time his claims arose, he had a "pod job in pod A-3." Compl. 3, ECF No. 1. One day in early September 2020, Corvin was sent to the kitchen to bring back food carts carrying meal trays for inmates in pods A-1, A-2, and A-3. He contends that he had received no training for his job assignment. That day, "[t]he cart had a damaged wheel, causing it [to] steer to one side." *Id.* at 4. When Corvin tried to pull the cart back onto the sidewalk, the cart swung around and caused a deep cut to Corvin's

right foot, resulting in blood loss and injury to his "veins, muscle, tendons, and nerves." *Id.* at 5. Corvin was rushed to a hospital. His injury required stitches, antibiotics, and pain medication. At the time he filed this lawsuit, Corvin claims that had not regained full feeling in his right foot and had been told these results might be permanent. After Corvin's injury, the food cart that injured him was immediately removed from service.

In Corvin's § 1983 Complaint, he sues several ROSP officials, contending that they failed to ensure a safe working environment for food cart pushers and raising supplemental claims for negligence under state law. He submits affidavits from other inmates who worked as food cart pushers, indicating that they had made prior complaints about food carts being damaged and/or difficult to steer. Corvin also asserts that various defendants conspired to cover up the incident and deny liability for Corvin's food service cart injury. As relief, he seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is

"plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Corvin cannot prevail in any § 1983 claim against the Commonwealth of Virginia, one of the defendants he names. It is well settled that a state cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, I will dismiss Corvin's § 1983 claims against the Commonwealth.

The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In other words, an official's merely negligent action or inaction is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Corvin's allegations, at the most, suggest that the defendants were negligent in failing to inspect and decommission food carts with defective wheels after inmates complained that they were difficult to steer. Such mere negligence cannot support a claim of unconstitutional punishment so as to be actionable under § 1983. Moreover, Corvin simply fails to present any evidence of prior incidents putting the defendants on notice that a damaged food carts posed a serious risk of significant physical injury to an inmate assigned to push them. On the evidence before the court, I cannot find support for any § 1983 claim of deliberate indifference against any of the named defendants.

I also find no factual support for Corvin's asserted claim that various defendants conspired to cover up prison officials' liability for the damage allegedly caused by the defective food cart.

> Establishing a civil conspiracy under 42 U.S.C. § 1983 requires a plaintiff to show that Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). To survive dismissal [for failure to state a claim], a plaintiff must plead facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id.*

*Davis v. Walmart Stores E., L.P.*, 687 F. App'x 307, 311 (4th Cir. 2017) (unpublished).

Corvin repeatedly asserts in his Complaint that various defendants conspired with other prison officials to cover up any liability the prison might have for Corvin's injury. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Corvin does not state facts showing how any of the defendants hindered his ability to bring this lawsuit. Instead, he makes mere generalized statements of conspiracy and coverup with no factual support showing that any of them formed or acted together to carry out an unlawful plan to violate his constitutional rights in any way. I must, therefore, dismiss Corvin's § 1983 claims of conspiracy.

Finally, inasmuch as I will dismiss all of Corvin's federal claims under § 1983 for failure to state a claim, I decline to exercise supplemental jurisdiction over any state law claim asserted in his pleadings. *See* 28 U.S.C. § 1367(c)(3). I will dismiss all of his claims without prejudice. Such a dismissal leaves him free to refile his claims in a new and separate civil action, provided that he can correct the deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED:  November 1, 2021

/s/  JAMES P. JONES
Senior United States District Judge